IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CORNELIUS CORNELL JOHNSON, JR.§
(BOP Register No. 24987-077), §
§
        Petitioner, §
§
V. § No. 3:16-cv-2423-M-BN
§
STATE OF TEXAS, §
§
        Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Cornelius Cornell Johnson, Jr., currently confined at BOP El Reno FCI, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. For the reasons explained below, the habeas application should be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Johnson's right to fully exhaust his state court remedies.

**Applicable Background**

Johnson is in federal custody pursuant to a February 1994 judgment of this Court, sentencing him to 235 months' imprisonment after he pleaded guilty to one count of carjacking, in violation of 18 U.S.C. § 2119. *See United States v. Johnson*, No. 3:93-cr-347-D (01) (N.D. Tex.). Based on at least two prior Texas felony convictions that were considered either a crime of violence or a controlled substance offense, Johnson's federal sentence was enhanced under the career-offender provision in the sentencing guidelines. *See* U.S.S.G. § 4B1.1.

Also in 1994, but subsequent to his federal conviction, Johnson was convicted in three separate forgery cases in Dallas County, and, as to each case, he was sentenced to 25 years' imprisonment. *See State v. Johnson*, Nos. F94-402383-WN, F94-402384-WN, & F94-402385-WN (195th Jud. Dist. Ct., Dallas Cnty., Tex.). His state convictions and sentences were affirmed on direct appeal. *See Johnson v. State*, Nos. 05-94-01587-CR, 05-94-01588-CR, & 05-94-01589-CR, 1996 WL 50577 (Tex. App. – Dallas Feb. 7, 1996, no pet. history). Johnson's current Section 2254 application concerns the three forgery convictions and sentences. *See* Dkt. No. 3 at 1. And that application further reflects that Johnson has failed to raise any issues concerning those state convictions to the Texas Court of Criminal Appeals (the "CCA") in either a petition for discretionary review or an application for state post-conviction relief. *See id.* at 2-14.

Although Johnson is confined in a BOP facility pursuant to a federal sentence, to the extent that he is serving the state sentences resulting from his forgery convictions concurrently with his federal sentence, he may be "in custody" for purposes of Section 2254. But, even if that is the case, the grounds in the Section 2254 application concern the enhancement of his federal sentence based on state convictions other than the forgery convictions. *See* Dkt. No. 3 at 5 & 13-14 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016)); *see also Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting a petition for certiorari to address, among other issues, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in

U.S.S.G. § 4B1.2(a)(2) (related to how "crime of violence" is defined in the career-offender provision of the sentencing guidelines) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review).

As to the enhancement of Johnson's federal conviction, in June 2016, Johnson filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence based on the Supreme Court's *Johnson* decision. *See Johnson v. United States*, 3:16-cv-1603-D-BK (N.D. Tex.). That matter remains pending, and it is referred to United States Magistrate Judge Renee Harris Toliver for pretrial management.

Putting aside the tangled posture of proceedings set out above, Johnson's Section 2254 habeas application makes it clear that he failed to exhaust state court remedies as to his state forgery convictions and sentences in a procedurally correct manner, by obtaining a decision from the CCA, prior to filing a habeas application in this Court. For that reason alone, the Section 2254 petition should be denied without prejudice.

### Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based

on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a

petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Johnson's Section 2254 habeas petition reveals that he failed to fully exhaust applicable state court remedies by obtaining a decision from the CCA prior to filing a habeas application in this Court. He therefore has failed to exhaust state court remedies in a procedurally correct manner, and his Section 2254 petition should be denied without prejudice pursuant to Rule 4.

## Recommendation

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Johnson's 28 U.S.C. § 2254 habeas application without prejudice to his right to fully and properly exhaust state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 23, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE